UNITED STATES

v.

Steven Scott DOLLINGER, 457 19 5934, Sonar Technician (Surface) Seaman Recruit (E–1), U.S. Navy.

NMCM 82 4787.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 6 May 1982.

Decided 31 Jan. 1983.

LCDR David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

LT Lois B. Agronick, JAGC, USNR, Appellate Defense Counsel.

CDR W.J. Hughes, JAGC, USN, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and GARVIN, JJ.

BYRNE, Judge:

The accused pled guilty to, and was found guilty of, a number of violations of the Uniform Code of Military Justice (UCMJ). One of these offenses was alleged as a violation of Article 109, UCMJ, 10 U.S.C.A. § 909 and stated:

Specification: In that Sonar Technician (Surface) Seaman Recruit Steven Scott Dollinger, U.S. Navy, on active duty, Naval Station, Treasure Island, San Francisco, California, did, at Commander Fleet Activities, Yokosuka, Japan, on or about 17 January 1982, willfully destroy by pushing into Tokyo Bay, a 1972 Datsun Bluebird, serial number 610–102777, license number Yokohama 55Y–5796, of a value of about $200.00, the property of Commander George Lyford, Jr., U.S. Navy.

The specification does not include an allegation that the accused's conduct was "wrongful."

Consequently, the issue is: does the specification state an offense?

We hold that it does state an offense.

■ The "wrongfulness" of the destruction of personal property of another, other than military property of the United States, is an element of an Article 109 offense. *See* Article 109, UCMJ; Paragraph 188, *Manual for Courts-Martial, 1969 (Rev.)*; *United States v. Howard,* 21 C.M.R. 894 (A.F.B.R.1956).

■ However, there was no motion at the trial level to make this specification more definite and certain and appellate defense counsel has not assigned this omission as error.

In *United States v. Sell,* 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953), the United States Court of Military Appeals stated:

> Furthermore, when the pleadings have not been attacked prior to findings and sentence, it is enough to withstand a broadside charge that they do not state an offense, if the necessary facts appear in any form or by fair construction can be found within the terms of the specification.

Applying this standard to the specification in this particular case, we conclude that the "wrongfulness" of the accused's actions is clear from a fair construction of the terms of the specification.[1]

Accordingly, the findings and sentence as approved on review below are affirmed.

Judge GARVIN concurs.

GLADIS, Senior Judge (dissenting):

The law is well settled that a specification alleging willful destruction of private property does not state an offense if it does not allege that the destruction is wrongful. *See United States v. Holmes,* 36 C.M.R. 550 (A.B.R.1965); *United States v. Howard,* 21 C.M.R. 894 (A.F.B.R.1956). The specification in question does not allege the necessary element of wrongfulness by fair construction or implication. Therefore, I dissent.

---

1. We specifically reject the language in *United States v. Howard,* 21 C.M.R. 894 (A.F.B.R. 1956), (discussing this particular class of offenses), that specifications that omit the word "wrongful" allege offenses *only* if they state that the conduct was "without the authority or acquiescence of the owner or [would] otherwise be misconduct." *See also United States v. Holmes,* 36 C.M.R. 550 (A.B.R.1965). The effective result of this approach is to preclude review of the specification *as a whole* to determine if, fairly construed, it alleges an offense.